IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 3:08cr126-CSC |
| | ) | (WO) |
| ABDUL GREEN | ) | |

**ORDER**

On September 29, 2008, the defendant filed an unopposed motion to continue trial (doc. # 16). On October 2, 2008, the defendant filed a supplemental motion to continue (doc. # 18). Upon consideration of the motions, the court concludes that the motions should be granted.

While the granting of a motion for continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978). The court also must consider "whether the failure to grant such a continuance . . .

would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

The defendant has applied for pretrial diversion, The United States Attorney has recommended that the pretrial diversion be granted.  Additional time is necessary for the United States Probation office to complete its review of the defendant's application.  The United States does not oppose a continuance of the trial.  Consequently, requiring a trial under these circumstances is not beneficial to the parties or the public.  For these reasons, the court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and it is

ORDERED that the motions to continue trial (doc. # 16 & 18) be and are hereby GRANTED.  It is further

ORDERED as follows:

1. That this case be and is hereby continued for jury selection on and trial during the term beginning on **November 17, 2008**, and that this case be and is hereby set for a pretrial conference on **October 21, 2008,** at **1:30 p.m.**  All applicable deadlines contained in the prior arraignment order are adjusted accordingly; provided, however, that the deadline for the filing of pretrial, dispositive motions is not extended.

Done this 3rd day of October, 2008.

                                                 /s/Charles S. Coody
                                                 CHARLES S. COODY
                                                 UNITED STATES MAGISTRATE JUDGE